UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUNTRUST BANK,

      Plaintiff,

v.                                                                Case No:  2:14-cv-71-FtM-38CM

LINDA D. HAWLEY, PHILLIP E. HAWLEY, MARY L. PIKULIK, RIVA DEL LAGO CONDOMINIUM ASSOCIATION, INC., UNKNOWN TENANT NO. 1, UNKNOWN TENANT NO. 2, UNKNOWN SPOUSE OF LINDA H. HAWLEY, UNKNOWN SPOUSE OF MARY L. PIKULIK and UNKNOWN SPOUSE OF PHILLIP E. HAWLEY,

      Defendants.
_____/

## ORDER[1]

This matter comes before the Court on review of the docket. Plaintiff SunTrust Bank initiated an action against Defendants in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida to foreclose a mortgage on real property pursuant to Section 26.012 of the Florida Statutes. (Doc. #1-1). It appears that the Complaint was filed in state court on December 30, 2013. (Doc. #1-1, at 4). On February 7, 2014, Linda D. Hawley and Phillip E. Hawley (hereinafter "Hawley Defendants") filed a Notice of

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Removal within this Court.[2] (Doc. #1). The Hawley Defendants state this Notice of Removal was filed within 30 days of the date that they were served with the Summons or Complaint. (Doc. #1, at 3).

The Hawley Defendants originally asserted that the Court has jurisdiction of this matter pursuant to diversity jurisdiction. (Doc. #1, at 1). The Court, however, in its Order to Show Cause found the Hawley Defendants did not properly allege that the Parties were completely diverse in this matter and therefore, the Court does not have subject matter jurisdiction based on diversity. (Doc. #7). The Court gave the Hawley Defendants an opportunity to show why this case should not be remanded for failure to establish subject matter jurisdiction based on the presence of diversity jurisdiction at the time of removal. (Doc. #7, at 4).

The Hawley Defendants have filed a response to this Court's Order. (Doc. #12). Now, the Hawley Defendants recognize that their reliance on diversity jurisdiction was misplaced. (Doc. #12, at 7). The Hawley Defendants, however, request that the Court exercise subject matter jurisdiction pursuant to federal question jurisdiction. Specifically, the Hawley Defendants state their defense to the foreclosure action pursuant to 15 U.S.C. § 1640(k) arises under federal question because at their closing SunTrust Bank did not provide the Hawley Defendants with the written final disclosure under TILA as required by 15 U.S.C. § 1631(b). (Doc. #12, at 8). The Hawley Defendants' contention is misplaced because they are relying on their defense in an attempt to assert federal question litigation in this matter; and this is inappropriate. Caterpillar Inc. v. Williams, 482 U.S. 386, 393

---

[2] Linda D. Hawley and Phillip E. Hawley indicate that they are husband and wife in the Notice of Removal. (Doc. #1, at 2). Therefore, it appears that Defendant Unknown Spouse of Linda D. Hawley and Defendant Unknown Spouse of Phillip E. Hawley are listed redundantly in the caption.

(1987) ("a case may *not* be removed to federal court on the basis of a federal defense") (citing Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 12 (1983)); Bollea v. Clem, 937 F. Supp. 2d 1344, 1353 n. 6 (M.D. Fla. 2013) (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 765 (11th Cir. 2010) (a defense that presents a federal question cannot create removal jurisdiction, even if the defense is valid.)). Further, the original complaint does not present a federal question but instead only presents a state question. (Doc. #2, at 1). Upon review of the original complaint and the subsequent filings in this matter, the Court finds it does not have subject matter jurisdiction over this matter. Therefore, this matter is due to be remanded.

    Accordingly, it is now **ORDERED:**

1. This matter is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

2. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk is directed to **CLOSE** this case and terminate any and all previously scheduling deadlines and other pending motions as moot.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of March, 2014.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record